DAKOTA NATIONAL BANK, Appellant, v. JOHNSON, et al.,
Respondents.

(184 N. W. 210.)

(File No. 4844.    Opinion filed August 18, 1921.    Rehearing denied
October 19, 1921.)

1.    Judgments—Default on Foreclosure—Motion to Reopen, Whether
Within One Year—Evidence Considered—Posted Notice, Knowledge of.

On motion to reopen a judgment in foreclosure of a deed held to have been a mortgage, evidence considered and held, insufficient to show that defendant knew of the judgment for more than a year prior to date of order vacating same; the most that can be said being that if defendant read a notice sheriff claims to have posted conspicuously on the mortgaged premises, she would have had notice that judgment had been taken; there being no proof that she ever saw such notice.

2.    Same—Findings That Motion to Reopen Was Within One Year,
That Deficiency Judgment Was Excessive, Sustained.

Where, in a suit to foreclose upon a deed of defendants husband and wife, declared to be a mortgage; default decree having been entered for an amount embracing a note executed by both defendants, and other notes of husband and certain alleged advancements by bank mortgagee, the mortgaged property (being a homestead) having been bid in for much less than the amount of judgment or its value, leaving a large deficiency judgment against the wife who possessed other property; her ground for reopening judgment being that deed was to secure only the amount of the first note, for which amounts she offered judgment; held, trial court was justified in finding motion made within one year allowed by statute, and that it was led to enter personal judgment in an amount greatly in excess of any warranted under the complaint; and judicial discretion was not abused by vacating judgment unsupported by the complaint.

Appeal from Circuit Court, Yankton County. Hon ROBERT B. TRIPP, Judge.

Action by Dakota National Bank, a corporation, against Olaf Johnson and Inga Johnson, to have a deed declared to be a mortgage and to foreclose same. From an order granting defendant Inga Johnson's motion to vacate the judgment and decree for plaintiff, she appeals. Affirmed.

*Charles Hall Dillon,* and *Harry A. Robinson,* for Appellant.
*Harry Kunkle,* and *Payne, Olson & Barton,* for Respondents.

WHITING, J. Action to have a deed declared to be a mortgage and to foreclose same. Judgment was against both defendants, who are husband and wife. The husband made two motions seeking to have the judgment vacated, and that he be allowed to defend. These motions were both denied, and he has not appealed. The wife also moved to have the judgment vacated as to her and for leave to defend. Her motion was granted, and, from the order granting same, plaintiff has appealed.

The deed in question was given in 1914. The complaint alleged that the deed was given to secure the then existing indebtedness of defendants to a certain bank, and also any indebtedness thereafter existing against either or both of said defendants in favor of such bank. The complaint alleged that the deed secured a note of $2,157 signed by both and dated in 1918, six notes signed by the husband alone, of various dates subsequent to that of the $2,157 note, and aggregating in all some $1,500, and the amount of certain advancements made by the bank, but not evidenced by notes.

Though an appearance was entered upon behalf of defendants, they failed to appear for trial. The court made findings among which was a finding that respondent executed all of the notes. Judgment was entered against both defendants for the full amount of all the notes and of the other two items of claimed indebtedness. Upon special execution sale, the property was bid in for much less than the amount of the judgment, thus leaving a large deficiency judgment against respondent, who is possessed of other property. The property covered by the deed was the homestead of defendants, and of a value far exceeding the amount bid at the foreclosure sale. Respondent by affidavit represented to the trial court that the agreement was that the deed was to

secure only the indebtedness then existing in favor of the bank, which is the same indebtedness that was afterwards represented by the $2,157 note; that there never was any agreement under which this property could be held as security for any of the six notes, nor for the other items of indebtedness. She offered judgment on the $2,157 note, and sought to defend as against all the others.

[1]   There was much evidence submitted to the trial court which we consider immaterial; and we shall not refer thereto. Appellant contends that it appears that respondent knew of the judgment for more than a year prior to the date, when the court made its order vacating same. We do not find this contention supported by the record herein. The most that can be said is that, if the respondent saw and read a certain notice which the sheriff claims to have posted in a conspicuous place on the mortgaged premises, she would have had notice that judgment had been taken. There is no proof that she saw such notice.

[2]   The trial court was justified in finding that respondent's motion was made within the year allowed by statute; that the trial court had been led to enter up a personal judgment against respondent to an amount very greatly in excess of any warranted under the complaint herein. We are of the opinion that it does not appear but that the trial court's order vacating the judgment was granted within a year from the time that respondent had notice of the judgment. The trial court did not abuse the discretion in it vested when it vacated a judgment unsupported by the complaint.

The order appealed from is affirmed.